IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE DON JOHNSON, (TDCJ #364033) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1893 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Eddie Don Johnson, seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. Johnson is representing himself and has been granted leave to proceed without prepaying the filing fee. The respondent has filed a motion to dismiss for lack of jurisdiction as a successive petition, and Johnson has responded. (Docket Entry Nos. 17, 20). After considering all of the pleadings, and the applicable law, the court denies the motion and dismisses this case because Johnson does not have the necessary permission to file it, meaning that this court has no jurisdiction. The reasons are explained below.

**I.  Background**

Johnson is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his 1983 convictions in Harris County Cause Numbers 375536 and 375537. Johnson was convicted of first-degree murder with a deadly weapon in each cause and sentenced to concurrent 60-year terms. The Fourteenth Court of Appeals of Texas affirmed Johnson's convictions on direct appeal. *Johnson v. State*, Nos. A14–83–652–CR, B14-83-653-CR

(Tex. App.—Houston [14th Dist.] 1984). Johnson has filed ten applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, all of which were denied or dismissed by the Texas Court of Criminal Appeals. *See* Docket Entry No. 18, *Ex parte Johnson*, Application Nos. WR-31,972-01 thru WR-31,972-10.

Johnson does not challenge his convictions here. Instead, he challenges the conditions imposed upon his supervised release from prison and the subsequent revocation of his parole in 2005. In a federal habeas corpus petition dated June 15, 2017, Johnson contends that he is entitled to relief on the following grounds: (1) improper methods were used to obtain evidence, which was used against him during his parole revocation proceeding; (2) TDCJ failed to advise him that he would be required to wear an electronic monitoring device during his supervised release; (3) he is not required to serve the full 60-year sentence because he is entitled to good-time credit; (4) his warrantless arrest while on supervised release violated his Fourth Amendment rights; (5) the trial court abused its discretion in denying his request for a temporary injunction; (6) the Parole Board's informal "serve all" policy has increased the length of his sentence, resulting in an ex post facto violation; and (7) his right to due process of law was violated because the statute proscribing offensively coarse language is overbroad and vague. *See* Docket Entry No. 1, at 6–11; Docket Entry No. 4.

Court records reflect that Johnson has filed a previous federal habeas corpus petition to challenge the same 2005 parole revocation. *See Johnson v. Thaler*, Civil No. 4:08-cv-3375 (S.D. Tex. 2009) (dismissed with prejudice). He has not sought permission to file this petition.[1]

---

[1] The court notes that Johnson's petition includes a copy of a letter from the Fifth Circuit Court of Appeals, dated May 8, 2017, which responds to an inquiry about filing a second or successive § 2254 petition in the district court. (Docket Entry No. 1, at 14–15). The letter does not demonstrate that

2

## II. Discussion

The pending petition Johnson filed in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). Before a second or successive application can be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition is a successive writ, this court has no jurisdiction to consider it without prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later application is successive when it: (1) raises a claim challenging the conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Johnson fails to demonstrate why he could not have raised the claims he raises here in his original federal habeas petition challenging the same 2005 parole revocation. The pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own motion. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Johnson must seek authorization from the Fifth Circuit before this court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges

---

Johnson filed an original application in the Fifth Circuit or that he received permission to file a successive petition.

3

to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent this authorization from the Fifth Circuit, this court lacks jurisdiction over the petition. *Id.* at 775. It must be dismissed as an unauthorized successive writ.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Johnson stated a valid claim for relief. Therefore, a certificate of appealability will not issue.

4

## IV. Conclusion and Order

The respondent's motion to dismiss, (Docket Entry No. 17), is granted. This case is dismissed without prejudice for lack of jurisdiction as an unauthorized successive application. A certificate of appealability is denied.

SIGNED on April 5, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge